FRUEHAUF TRAILER CO v ROTH et

Oho Appeals, 1st Dist, Hamilton Co

Decided Jan 25, 1932

Jos. H. Woeste, and G. F. Osler, Cincinnati, for plaintiff in error.
Clarence M. Smith, Cincinnati, for defendants in error.

The practice of covering motor vehicles with liens recorded in foreign states could most easily ripen into a fraud upon domestic creditors relying upon the evidence of substantial assets, unincumbered with locally recorded liens, and placing domestic owners of such vehicles subject to liens recorded in their local counties at a decided disadvantage.

For the reasons stated, the judgment of the Municipal Court of Cincinnati was without error, prejudicial to this plaintiff in error, and the judgment of the Court of Common Pleas, affirming such judgment, is affirmed.

HAMILTON and CUSHING, JJ, concur.

**ROSS, PJ.**

The conditional sales contract or chattel mortgage is in evidence, but nowhere in the pleadings, stipulation, or record does it appear that the law of Michigan constitutes such paper writing, filed with the city clerk of Detroit, Michigan, a lien of any kind under the Michigan law, and, excluding the rule of comity, most certainly there is nothing in the record to show that it is a lien under Ohio law, whether considered as a conditional sale or chattel mortgage. It, therefore, must affirmatively appear, as it does not, that a lien was established under the Michigan law in order to invoke the rule of comity.

It is well settled that the laws of states outside of Ohio, necessary to establish rights claimed by a party to a suit in an Ohio court, must plead and prove such laws and that Ohio courts will not take judicial notice of the existence, applicability, or effect of such laws. **17 Ohio Juris., "Evidence," §24, p. 50.** 5 R.C.L., "chattel Mortgages," §21, pages 399, 400.

Any extended consideration of the question of priority would be futile in view of the fact that as far as the record goes only one valid lien has been shown to exist upon the property, and that is the lien established by the attachment. We do not consider it, however, out of place to say that we consider the better authority to justify the rule that where the mortgagee or vendor permits the property to be taken into another state after default has occurred, that the rule of comity of states would not require postponement of the lien of an attaching creditor to the lien, if established, of a foreign mortgagee or vendor.